UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINA SPARROCK,                                    Case No.

                        Plaintiff,

        -vs.-                                   **COMPLAINT**

ABYSSINIAN BAPTIST CHURCH CORP.
d/b/a ABYSSINIAN BAPTIST CHURCH,
CALVIN O. BUTTS, III, and
ALEXIS THOMAS,

                      Defendants.
----------------------------------------------------------X

Plaintiff, CHRISTINA SPARROCK, by and through her attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### THE PARTIES

1.    Plaintiff, CHRISTINA SPARROCK, (hereinafter "Ms. Sparrock" or "Plaintiff") is an individual residing in Brooklyn, New York.

2.    Upon information and belief, Defendant ABYSSINIAN BAPTIST CHURCH CORP. d/b/a ABYSSINIAN BAPTIST CHURCH, (hereinafter "Abyssinian Baptist Church") was and is a domestic not-for-profit corporation whose principal place of business is located at 132 Odell Clark Place, New York, NY 10030.

3.      Upon information and belief, Defendant CALVIN O. BUTTS, III (hereinafter "Butts") is an individual, whose actual place of business is located at 132 Odell Clark Place, New York, NY 10030.

4.      Upon information and belief, at all times herein pertinent, Defendant Butts, served as a principal, officer and/or manager of Defendants 132 Odell Clark Place, New York, NY 10030.

5.      Upon information and belief, Defendant ALEXIS THOMAS (hereinafter "Thomas") is an individual, whose actual place of business is located at 132 Odell Clark Place, New York, NY 10030.

6.      Upon information and belief, at all times herein pertinent, Defendant Thomas, served as a principal, officer and/or manager of Defendants 132 Odell Clark Place, New York, NY 10030.

7.      Upon information and belief, for the calendar year 2013 the gross receipts of Abyssinian Baptist Church were not less than $500,000.00.

8.      Upon information and belief, for the calendar year 2014 the gross receipts of Abyssinian Baptist Church were not less than $500,000.00.

9.      Upon information and belief, for the calendar year 2015 the gross receipts of Abyssinian Baptist Church were not less than $500,000.00.

10.     Upon information and belief, for the calendar year 2016 the gross receipts of Abyssinian Baptist Church will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142, *et seq.* and other appropriate rules, regulations, statutes, and ordinances.

12.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     At all times herein pertinent, and in the course of her duties, Plaintiff regularly handled products which had been moved in commerce, including computers and notepads.

3

15.     Abyssinian Baptist Church operates as a religious institution, but is also integrally involved with community affairs and real estate investment.

16.     Ms. Sparrock began her employment with the Defendants on November 24, 2014.

17.     When she began, Ms. Sparrock was issued an employee handbook, which she was required to sign and return (hereinafter this employee handbook is referred to as "The Signed Agreement").

18.     The Signed Agreement set forth various rights and obligations of each of the parties for as long as the employment relationship lasted.

19.     The Signed Agreement, when first given to Ms. Sparrock, constituted an offer by the Defendants which she accepted.

20.     The Signed Agreement evidenced a mutual assent and intent to be bound to its terms until such time as one of the parties terminated the employment relationship.

21.     Ms. Sparrock showed her intent to be bound by the terms of The Signed Agreement by signing and returning it to the Defendants, and by working for Defendants.

22.     The Defendants accepted these terms by continuing to employ Ms. Sparrock and compensating her.

4

23.     The Signed Agreement set forth policies for the use of sick and personal days, as well as policies regarding the payment of wages.

24.     The Signed Agreement stated that Ms. Sparrock would receive eight (8) hours of pay for each holiday listed in the handbook whether or not Ms. Sparrock worked on those holidays.

25.     The Signed Agreement also stated Ms. Sparrock would receive a certain amount of sick leave and accrued vacation leave per year.   Pursuant to the Signed Agreement, the practices and policies of the Defendant, and applicable substantive New York State law, Ms. Sparrock was entitled to be compensated, at her regular rate of pay, for all of her unused sick and/or vacation time at the conclusion of her employment.

26.     The Signed Agreement also stated terms regarding snow days. Specifically, that Ms. Sparrock would be paid for eight (8) hours if the office was closed due to weather conditions.

27.     The Signed Agreement also had terms regarding the payment of medical insurance premiums.

28.     Upon information and belief, all of Defendants hourly employees received a day's wages for specific holidays.

29.     Upon information and belief, all of Defendants' hourly employees would be paid their accrued unused sick and vacation days at the end of the year.

30.     Upon information and belief, all of Defendants' hourly employees would be paid for weather related closures of the office.

31.     Upon information and belief, all of Defendants' hourly employees would have their medical insurance premiums paid by the Defendants.

32.     The Defendants never paid any of Ms. Sparrock's medical insurance premiums.

33.     Ms. Sparrock was terminated by the Defendants on or about June 26, 2015.

34.     Upon termination, the Defendants failed to pay Ms. Sparrock for holidays outlined in The Signed Agreement.

35.     Upon termination, the Defendants failed to pay Ms. Sparrock for her accrued but unused sick and vacation time.

36.     Upon termination, the Defendants failed to pay Ms. Sparrock for all weather related closures of the office.

37.     Throughout her employment, Ms. Sparrock was assigned various duties including, but not limited to, preparing and monitoring the operating and capital budget, creating schedules and expense reports, reconciling various bank accounts, and preparing monthly financials for various parts of the organization.

38.     Ms. Sparrock worked irregular hours, but her work schedule normally exceeded 40 hours before budgets were due, before monthly financial closing of the books, and when she was required to perform certain other tasks. All of her timesheets of which she is in possession are collectively appended as Ex. "1", and are hereby incorporated by

reference with the same force and effect as if set forth at length. They are fully cognizable for the purposes of any motion made pursuant to Rule 12(b)(6).

39.     Ms. Sparrock was paid on an hourly basis.  Specifically, from the beginning of her employment until December 31, 2014, she was paid $70.00 per hour for each hour.  From January 1, 2015, until her termination, Ms. Sparrock's rate of pay was increased to $71.40.

40.     Plaintiff often worked and reported that she had worked over forty (40) hours in a week, but never received any overtime premium.

41.     Plaintiff did not receive all compensation owed to her for hours worked under forty (40) in a single week.  Specifically, as shown in the timesheets appended as Ex. "1", Ms. Sparrock was not paid for all her straight time hours on March 21, 22, 23, 24, 25, 26, 27, 30, 31; April 1, 2, 3; May 5, 15, 19, 22; and June 8, 9, 10, 11, 12.

42.     Upon information and belief, Defendants Butts and Thomas had the power to hire employees at Abyssinian Baptist Church.

43.     Upon information and belief, Defendants Butts and Thomas hired plaintiff on or about November 24, 2014.

44.     Upon information and belief, Defendants Butts and Thomas had the power to fire employees at Abyssinian Baptist Church.

45.     Defendants Butts and Thomas controlled the terms of the Plaintiff's employment in that he would tell her what tasks to complete and on what time frame they needed to be completed.

46.     Upon information and belief, Defendants Butts and Thomas controlled the work schedule of all of the employees of Abyssinian Baptist Church, including the Plaintiff's work schedules.

47.     Upon information and belief, Defendants Butts and Thomas controlled the rates and methods of payment of each of the employees of Abyssinian Baptist Church, including the Plaintiff's pay rate and method of pay.

48.     At all times herein pertinent, the Plaintiff performed her duties for Defendant Abyssinian Baptist Church, at the direction and under the control of Defendants Butts and Thomas.

49.     Upon information and belief, and at all times herein pertinent, Defendants Butts and Thomas exercised close control over the managerial operations of Abyssinian Baptist Church, including the policies and practices concerning employees.

50.     At all times herein pertinent, Defendants Butts and Thomas controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Abyssinian Baptist Church in general, and with respect to the Plaintiff in particular.

51.     At all times herein pertinent, Defendants Butts and Thomas acted as Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

52.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages she earned.

53.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages she earned but upon information and belief, have not maintained them as required by law.

54.     Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

55.     Defendants failed to furnish Plaintiff with a proper and correct statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

56.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

9

58.     Defendants have failed to pay Plaintiff overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times her regular rate of pay - for all hours worked in excess of 40 per workweek.

59.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

60.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### AS AND FOR A SECOND CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

61.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

62.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

63.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

64.     Defendants have failed to pay Plaintiff all of the overtime wages to which they were entitled under the New York Labor Law.

65.     By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142, *et seq.*

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY STRAIGHT TIME WAGES)*

66.     The Plaintiff hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

67.     The Defendants willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint, to the Plaintiff.

68.     Defendants were not authorized by the Plaintiff or any federal or state law or Order of any court of competent jurisdiction, to withhold, divert, or deduct any portion of the Plaintiff's unpaid wages.

69.     By Defendants' failure to pay Plaintiff all of her wages for hours worked up to 40 hours per week, they have willfully violated the New York Labor Law Articles 6 and 19, *et seq.*, and the supporting New York State Department of Labor Regulations.

11

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

70.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

72.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>
<u>**NEW YORK STATE LABOR LAW**</u>
<u>**AGAINST THE DEFENDANTS, AND EACH OF THEM**</u>
<u>**(FAILURE TO PROVIDE WAGE STATEMENTS)**</u>

73.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

75.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
<u>**SUBSTANTIVE STATE CONTRACT LAW**</u>

76.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

77.     The Defendants entered into an employment contract with the Plaintiff wherein the Plaintiff would supply labor for a specific hourly rate.  The terms of this contract

included terms regarding the payment for specific holidays, accrued sick time, weather related closures of the Defendants' office and accrued vacation time.

78.     The employment contract further stated that Defendants would pay the Plaintiff's medical insurance premiums.

79.     The Defendants breached this contract by willfully failing to pay the Plaintiff for all holidays specified in the agreement.

80.     The Defendants breached this contract by willfully failing to pay for accrued and unused sick time.

81.     The Defendants breached this contract by willfully failing to pay for all weather related closures.

82.     The Defendants breached this contract by willfully failing to pay accrued and unused vacation time.

83.     The Defendants breached this contract by willfully failing to pay the Plaintiff's medical insurance premiums.

84.     The Defendants violation of the agreement caused the Plaintiff damage.

85.     Due to Defendants violation of the agreement, the Plaintiff is entitled to recover from Defendants their unpaid overtime compensation.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for overtime pay due and owing to the Plaintiff;

b) awarding back pay for all monies improperly withheld by Defendants from Plaintiff;

c) awarding monies for:

    a. unpaid holidays as stated in the employment contract

    b. accrued and unused sick time;

    c. weather related closures of Defendants' office;

    d. accrued and unused vacation time;

    e. unpaid medical insurance premiums;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
        June 14, 2016

                                        Respectfully submitted,
                                        LAW OFFICES OF WILLIAM CAFARO

                                        _____
                                        William Cafaro (WC2730)
                                        Attorneys for Plaintiff
                                        108 West 39th Street, Suite 602
                                        New York, New York 10018
                                        (212) 583-7400
                                        AKumar@Cafaroesq.com
                                        Our File No.: 52887


To:

ABYSSINIAN BAPTIST CHURCH CORP.
d/b/a ABYSSINIAN BAPTIST CHURCH
132 Odell Clark Place
New York, NY 10030

CALVIN O. BUTTS, III
132 Odell Clark Place
New York, NY 10030

ALEXIS THOMAS
132 Odell Clark Place
New York, NY 10030

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINA SPARROCK,                                            Case No.

                      Plaintiff,

       -vs.-

ABYSSINIAN BAPTIST CHURCH CORP.
d/b/a ABYSSINIAN BAPTIST CHURCH,
CALVIN O. BUTTS, III, and
ALEXIS THOMAS

                    Defendants.
----------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52887